42,728-01

Case No. 710860-A

January 13, 2015
Court Of Criminal Appeals Of Texas
Abel Acosta, Clerk Of The Court
P.O. Box 12 308 Capitol Station
Austin, Texas 78711

Re: Joel Witwer #1251417

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

Dear Mr. Acosta, And The Honorable Court:

Thank You For Your Swift Response. I Am Providing The Court With Copies Of The Last Correspondance Received From The Office Of The Harris County District Clerk. This Correspondance Is Dated On The 9th Day Of December, 2014.

In It, The Harris County District Clerk Has Certified "By The Following Signature, The Court Adapts The State's Proposed Findings Of Fact And Conclusions Of Law And Order In Cause No. 710860-A." The Order Is Signed By The Presiding Judge On The 4th Day Of December, 2014.

On Page 2 Of This Document, Directly Below The "Conclusions Of Law" Is The Court's Order To The Clerk. It States:

"The Clerk Is Ordered To Prepare A Transcript And Transmit Same To The Court Of Criminal Appeals As Provided By Tex. Code Crim. Proc. Ann Art. 11.07 (West 2013). The Transcript Shall Include Certified Copies Of The Following Documents:"

1. The Application For Writ Of Habeas Corpus;
2. The State's Answer;
3. The Court's Order;
4. The Indictment. Judgement And Sentence, Plea Papers And Docket Sheets In Cause No 710860-A (Unless They Have Been Sent To The Texas Court Of Criminal Appeals Pursuant To A Post Conviction Writ Of Habeas Corpus). And
5. The State's And The Applicant's Application For Proposed Findings Of Fact And Conclusions Of Law (If Any).

Please Note That The Applicant's Application For Writ Of Habeas Corpus Pursuant To Tex Code Crim Proc. Art. 11.07 Was Filed With The District Clerk Of Harris County On October 31, 2014.

The State's Original Answer Was Filed On The 26th Day Of November, 2014. This Filing Included The State's Proposed Findings Of Fact And Conclusions Of Law.

The Trial Court Adapted The State's Findings Of Fact On December 4, 2014 And The Order Was Certified By The Harris County District Clerk On December 9, 2014.

The Applicant Received This Filing On December 11, 2014 And Immediately Filed His "Pro-Se Response With This Court Which Was Received On December 15, 2014. Service Was Also Completed To The

OFFICE OF THE ATTORNEY FOR THE STATE, DEVON ANDERSON, THE HARRIS COUNTY DISTRICT ATTORNEY, AT THAT TIME.

THE APPLICANT IS IN COMPLIANCE WITH TEXAS RULES OF APPELLATE PROCEDURE, RULE 52.5, RELATOR'S REPLY TO RESPONSE.

BECAUSE THE STATE, THROUGH THE OFFICE OF THE HARRIS COUNTY DISTRICT ATTORNEY, CLAIMED THERE WERE NO ISSUES TO BE RESOLVED, AND THAT THERE IS NO NEED FOR AN EVIDENTIARY HEARING, AND THERE HAVE BEEN NO MOTIONS FOR AN EXTENSION OF TIME FILED ON BEHALF OF THE STATE PURSUANT TO TEX. RULES APP PROC. RULE 10.5 (b)(1), THE APPLICANT REQUESTS THE HONORABLE COURT TO ORDER THE ATTORNEY REPRESENTING THE STATE, OR THE OFFICE OF THE HARRIS COUNTY DISTRICT CLERK, TO TRANSMIT THE APPLICATION TO THIS COURT.

REQUEST RESPECTFULLY SUBMITTED,

Joel Witwer

Joel Witwer #1251417
1604 S. First St.
Diboll, Texas 75941

Cause No. 710860-A

| EX PARTE | § | IN THE 228TH DISTRICT COURT |
|---|---|---|
| | § | OF |
| JOEL WITWER,<br>Applicant | § | HARRIS COUNTY, T E X A S |

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

The Court has considered the application for writ of habeas corpus, the *State's Original Answer*, and official court records in the above-captioned cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the requested habeas relief be denied for the following reasons:

## FINDINGS OF FACT

1. The applicant is confined pursuant to the judgment and sentence of the 228th District Court of Harris County, Texas, in cause number 710860 (the primary case), where on December 27, 1995, the applicant entered a plea of guilty of the felony offense of sexual assault.

2. The trial court initially deferred adjudication of the applicant's guilt and placed him on community supervision for a term of ten (10) years. Subsequent thereto, the court adjudicated the applicant's guilt and assessed punishment at ten (10) years confinement in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID).

F I L E D
Chris Daniel
District Clerk

NOV 26 2014
Time:_____
Harris County, Texas
By_____
Deputy

3. The applicant committed the offense of sexual assault in the primary case on or about December 17, 1995.

## CONCLUSIONS OF LAW

1. An offender's eligibility for mandatory supervision is determined by whether the offense of conviction was an eligible offense on the date it was committed. *Ex parte Mabry*, 137 S.W.3d 58, 62 (Tex. Crim. App. 2004).

2. Subject to certain exceptions, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served, plus any accrued good conduct time, equals the term to which the inmate was sentenced. TEX. CODE CRIM. PROC. art. 42.18, §8(c) (1995).

3. As of September 1, 1995, the offense of sexual assault was an offense not eligible for mandatory supervision release. TEX. CODE CRIM. PROC. art. 42.18, §8(c)(4) (1995).

4. Therefore, the applicant is not eligible for mandatory supervision release in the primary case because the applicant committed the offense of sexual assault on or about December 17, 1995, when sexual assault was an offense ineligible for release to mandatory supervision.

Accordingly, it is recommended to the Texas Court of Criminal Appeals that the requested habeas relief be denied.

THE CLERK IS **ORDERED** to prepare a transcript and transmit same to the Court of Criminal Appeals as provided by TEX. CRIM. PROC. CODE ANN. art. 11.07 (West 2013). The transcript shall include certified copies of the following documents:

1. The application for writ of habeas corpus;

2

2. The State's answer;

3. The Court's order;

4. The indictment, judgment and sentence, plea papers, and docket sheets in cause number 710860 (unless they have been sent to the Texas Court of Criminal Appeals pursuant to a post-conviction writ of habeas corpus order); and

5. The State's and the applicant's Proposed Findings of Fact and Conclusions of Law (if any).

THE CLERK is further ORDERED to send a copy of this order to the applicant, Joel Witwer, #01251417– Diboll Unit, 1604 South First Street, Diboll, Texas 75941; and to counsel for the State, Baldwin Chin, 1201 Franklin Street, Suite 600, Houston, Texas, 77002.

**By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in cause no. 710860-A.**

SIGNED this _____ day of ____DEC - 4 2014_____, 2014.


PRESIDING JUDGE, 228TH DISTRICT COURT
HARRIS COUNTY, TEXAS

3

Cause No. 710860-A

EX PARTE § IN THE 228TH DISTRICT COURT

§ OF

JOEL WITWER,
Applicant

§ HARRIS COUNTY, T E X A S

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the State's Proposed Findings of Fact, Conclusions of Law, and Order in cause number 710860-A to the applicant on November 26, 2014, by mail as follows:

Joel Witwer
#01251417– Diboll Unit
1604 South First Street
Diboll, Texas 75941

Baldwin Chin
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar ID #00783823

Prepared by:
Emily Patton – Intern

4